UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD E. WOLD,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE ACCEPTANCE, LLC<br><br>    Defendant. | Case No. 1:21-cv-01224 |

**NOW COMES RICHARD E. WOLD**, by and through his undersigned counsel, complaining of Defendant NATIONWIDE ACCEPTANCE, LLC as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. RICHARD E. WOLD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. NATIONWIDE ACCEPTANCE, LLC ("Defendant") is a limited liability company organized under the laws of Delaware.

8. Defendant maintains its principal place of business at 10255 West Higgins Road, Suite 300, Rosemont, IL 60018.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9282.

12. At all times relevant, Plaintiff's number ending in 9282 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and service.

14. A few years ago, Plaintiff obtained a loan for a vehicle.

15. Unfortunately, due to unforeseen financial difficulties caused by a broken leg, Plaintiff was unable to stay current on his payments and eventually defaulted.

16. This resulted in an unpaid balance ("subject debt").

17. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

18. On or around September of 2020, Plaintiff started receiving collection calls from Defendant.

19. On one of the initial calls that Plaintiff answered he was met by a conspicuous lengthy pause and was required to say "hello" numerous times prior to being connected to a representative.

20. Upon being connected, Plaintiff attempted to determine the reason for Defendant's calls.

21. Defendant advised Plaintiff that it was attempting to collect on the subject debt.

22. Plaintiff informed Defendant of his situation and requested that they attempt to work with on a payment plan.

23. Defendant's representative stated that was not possible.

24. During this same phone call, Plaintiff requested that Defendant stop placing calls to his cellular phone.

25. Despite his request that the calls cease, Plaintiff continues to receive unconsented to and unwanted collection calls from Defendant, sometimes at the rate of twice in one day.

26. In total, Defendant placed no less than 15 unwanted, unconsented to and harassing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

27. These phone calls originated from the phone number, including but not limited to, (888) 777-4205.

28. Furthermore, since Defendant began its collection call campaign, Plaintiff has yet to receive anything via United States mail regarding the subject debt.

## DAMAGES

29. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

30. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular phone; intrusion upon and occupation of Plaintiff's cellular telephone; temporary loss of use of Plaintiff's cellular phone; invasion of privacy; loss of battery charge; loss of concentration; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

31. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

32. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and attorney's fees to vindicate his rights.

## **CLAIMS FOR RELIEF**
## **COUNT I:**

**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

    a. **Violations of FDCPA §1692c**

33. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a).

34. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff after Plaintiff requested that the phone calls cease.

35. Specifically, when Plaintiff requested that the phone calls cease, any time that Defendant called after that request became an inconvenient time for Plaintiff.

### b. Violations of FDCPA §1692d

36. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

37. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

38. Defendant violated §§ 1692d and d(5) when it placed at least 15 unwanted and unconsented to collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

39. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

40. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

41. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c. Violations of FDCPA § 1692g

42. Pursuant to § 1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

43. Defendant violated § 1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff in September of 2020.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

## Count II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 et. seq.)

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. As pled above, Defendant placed or caused to be placed at least 15 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

46. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

47. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

48. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

49. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus forcing Plaintiff to say "hello" numerous times.

50. As pled above, Plaintiff revoked consent to be called on his cellular phone on numerous occasions.

51. As pled above, Plaintiff was harmed by Defendant's collection calls to his cellular phone.

52. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

53. Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

54. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

55. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to receive $500.00 in damages for each such violation.

56. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B. an order enjoining Defendant from placing or causing to place further violating calls to Plaintiff;

C. an award of $500.00 in damages to Plaintiff for each such violation;

D. an award of treble damages up to $1,500.00 to Plaintiff for each such violation;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 4, 2021                               Respectfully submitted,

**RICHARD E. WOLD**
By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com